UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
SALAHUDDIN FARD SMART, et al.,     :
                                    :
             Plaintiffs,            :        Civ. No. 14-2977 (RBK) (KMW)
                                    :
     v.                             :
                                    :        **OPINION**
HOWARD KRAFT, ESQ., et al.,         :
                                    :
             Defendants.            :
_____:

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiffs, Salahuddin Fard Smart and A.I.S., his a minor child, are proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court administratively terminated this action as plaintiffs had failed to pay the filing fee or submit a complete application to proceed *in forma pauperis*. Subsequently, Mr. Smart filed an application to proceed *in forma pauperis*. Therefore, the Clerk will be ordered to reopen this case. Mr. Smart's application to proceed *in forma pauperis* will be granted based on the information provided therein. Therefore, the Clerk will be ordered to file the complaint.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed with prejudice.

## II.  BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. The complaint names three defendants: (1) Howard Kraft, Esquire; (2) Linda Baxter – Family Court Judge; and (3) the Division of Child Protection and Permanency ("DCPP").

The allegations of the complaint appear to arise from a parental rights determination involving Mr. Smart and his child A.I.S. that took place in New Jersey Family Court. Mr. Kraft was Mr. Smart's attorney during these proceedings. According to Mr. Smart, Mr. Kraft was ineffective during these parental rights proceedings which resulted in Mr. Smart being deprived of his parental rights to A.I.S.

Mr. Smart asserts that Judge Baxter and the DCPP permitted the termination of his parental rights and accepted a practice that he could have his parental rights violated without a showing of unfitness. He claims that his due process rights were violated when the defendants broke him up from A.I.S. Mr. Smart also states that there is a biasness against males.

Plaintiffs seek monetary damages as well as a declaratory judgment that there is a biasness against males in terminating parental rights.

## III.  STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B.  <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp.*

*Police Dep't,* 635 F.3d 606, 609 (3d Cir.2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

A. <u>A.I.S.</u>

As previously stated, Mr. Smart and A.I.S. are proceeding in this action *pro se*. However, the Third Circuit has held that a non-lawyer parent appearing *pro se* is not entitled to represent his children in federal court. *See Osei–Afriyie v. Medical College of Pennsylvania,* 937 F.2d 876, 883 (3d Cir. 1991). In *Osei–Afriyie,* the Third Circuit followed the prior decisions of the Second and Tenth Circuits, which held that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. *Id.* at 882–83 (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir. 1986)). The Third Circuit contemplated that where a non-lawyer parent improperly attempts to represent his or her children *pro se,* the children's claims may be dismissed without prejudice, so that their claims begin to accrue when they reach the age of majority or become emancipated minors, or the district court may exercise its discretion pursuant to 28 U.S.C. § 1915 to appoint counsel to represent the children. *See Osei-Afriyie.* 937 F.2d at 883. In this case, as Mr. Smart is proceeding *pro se* as a non-lawyer parent, the Court will dismiss the claims his minor child, A.I.S., is attempting to bring as Mr. Smart cannot represent his minor child.

B. <u>Howard Kraft</u>

State action, a necessary element to bring a Section 1983 claim is lacking in the complaint against defendant Kraft. He is a private party, not a state actor such that he is not a proper defendant in this Section 1983 action. *See Love v. Law Office of Roberts,* No. 11–4500, 2011 WL 4916196, at *2 (D.N.J. Oct.17, 2011) ("As a private attorney, Defendant Roberts is not

a state actor for purposes of § 1983.") (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 3255 (1981); *Steward v. Meeker,* 459 F.2d 669 (3d Cir. 1972); *Thomas v. Howard,* 455 F.2d 228 (3d Cir.1972)); *Catanzaro v. Collins,* No. 09–0922, 2010 WL 1754765, at *8 (M.D. Pa. Apr.27, 2010) ("Private attorneys and public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (citing *Angelico v. Lehigh Valley Hosp., Inc.* 184 F.3d 268, 277 (3d Cir. 1999) (citing *Polk Cnty,* 454 U.S. 313)), *aff'd by,* 447 F. App'x 397 (3d Cir. 2011) (per curiam). Therefore, the allegations against defendant Kraft fails to state a Section 1983 claim as a matter of law.

Plaintiff also refers to 42 U.S.C. § 1981 in his complaint. That section states as follows:

> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> (b) "Make and enforce contracts" defined
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
> (c) Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981. The United States Court of Appeals for the Third Circuit has noted that:

> In order to state a claim under § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts. . . ."

*Brown v. Phillip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) ((quoting *Yelverton v. Lehman*, No. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), *aff'd mem.*, 175 F.3d 1012 (3d Cir. 1999). In this case, plaintiff fails to state that he is the member of a racial minority. Furthermore, the amended complaint is completely devoid of any allegations whatsoever that Kraft intended to discriminate against plaintiff on the basis of his race. Accordingly, plaintiff fails to state a Section 1981 claim against Kraft upon which relief can be granted such that it will be dismissed without prejudice.[1]

  C.  Linda Baxter & DCPP

As described above, Mr. Smart's allegations arise from the termination of his parental rights in the Family Court proceedings. He asserts that his due process and equal protection rights were violated during the course of those proceedings.

"The *Rooker–Feldman* doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication." *Judge v. Canada,* 208 F. App'x 106, 107–08 (3d Cir. 2006) (citing *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923)). "The Supreme Court has explained that this doctrine applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments.'" *Judge*, 208 F. App'x at 108 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).

The *Rooker–Feldman* doctrine precludes a lower federal court from entertaining constitutional claims that are "inextricably intertwined" with the state court's decision in a

---

[1] Plaintiff shall have thirty days in which to file a proposed second amended complaint that addresses the deficiencies with respect to his Section 1981 claim against Kraft should he elect to do so.

judicial proceeding. *See Feldman,* 460 U.S. at 483 n.16. "State and federal claims are inextricably intertwined (1) when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered [or] (2) when the federal court must ... take action that would render [the state court's] judgment ineffectual." *ITT Corp. v. Intelnet Intern.,* 366 F.3d 205, 211 (3d Cir. 2004) (internal quotation marks, footnotes, and citations omitted). "In other words, *Rooker–Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (quoting *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir. 1995)); *see also Exxon Mobil*, 544 U.S. at 291–92 (explaining that 28 U.S.C. § 1257 has long been interpreted as vesting authority to review a state court's judgment solely in the Supreme Court).

More specifically for purposes of this matter, the Third Circuit has consistently affirmed district court determinations that the *Rooker–Feldman* doctrine prohibits suits brought in federal court, pursuant to Section 1983, where plaintiffs challenge the judgments of state family courts. *See, e.g.*, *Gass v. DYFS Workers,* 371 F. App'x 315 (3d Cir. 2010) (per curiam) (involving claims challenging state court orders regarding custody of two minors); *Johnson v. City of New York,* 347 F. App'x 850 (3d Cir. 2009) (involving claims seeking review of family court decisions regarding emergency removal of children from the home); *McKnight v. Baker,* 244 F. App'x 442 (3d Cir. 2007) (involving claims that defendants conspired to have family court suspend the plaintiff's visitation rights with his daughter); *McAllister v. Allegheny County Family Div.,* 128 F. App'x 901 (3d Cir. 2005) (involving claims where Plaintiff sought to void or overturn adverse rulings entered in state family court child-custody litigation).

Similarly, courts within this District have repeatedly recognized that they lack subject matter jurisdiction to entertain claims which challenge adjudications made by state family courts. *See, e.g., Severing v. Div. of Youth & Family Services,* No. 11–3767, 2011 WL 5526116, at *1 (D.N.J. Nov. 14, 2011) (dismissing *sua sponte* Section 1983 claims challenging state court proceeding terminating the plaintiff's parental rights); *Kwiatkowski v. De Francesco,* No. 01–6145, 2006 WL 2347831, at *4-5 (D.N.J. Aug. 11, 2006) (concluding that *Rooker–Feldman* barred constitutional claims because they were "a direct result of the actions taken by DYFS and the state courts" and were so "inextricably intertwined" with the state court proceedings that federal review would be tantamount to appellate review).

In this case, Mr. Smart's claims are inextricably intertwined with the family court proceedings which terminated his parental rights. The only way for this Court to presumably rule in Mr. Smart's favor would be to void or overturn the orders that presumably terminated his parental rights towards A.I.S. Accordingly, this Court lacks jurisdiction over Mr. Smart's claims against Judge Baxter and the DCPP. *Cf. Wilson v. Atl. County DYFS,* No. 10–0202, 2010 WL 2178926, at *5-6 (D.N.J. May 25, 2010) (dismissing complaint asserting claims relating to the family court's issuance of a restraining order which effectively barred plaintiff from seeing his son because the claims were "inextricably intertwined" with the restraining order and amounted to a "prohibited appeal" from the family court adjudication).

## V.   CONCLUSION

For the foregoing reasons, this Court will dismiss A.I.S's claims without prejudice as she cannot be represented by her *pro se* father. Mr. Smart's § 1983 claims against defendant Kraft will be dismissed with prejudice for failure to state a claim upon which relief may be granted. Mr. Smart's § 19081 claim against Kraft will be dismissed without prejudice for failure to state a

claim upon which relief may be granted. Mr. Smart's claims against Judge Baxter and the DCPP will be dismissed pursuant to the *Rooker-Feldman* doctrine. An appropriate Order will be entered.

DATED: August 19, 2015

                                                                    s/Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge