UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SALAHUDDIN FARD SMART, et al., | : | |
| Plaintiffs, | : | Civ. No. 14-2977 (RBK) (KMW) |
| v. | : | |
| HOWARD KRAFT, ESQ., et al., | : | **OPINION** |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiffs, Salahuddin Fard Smart and his minor child, A.I.S., filed this *pro se* civil complaint pursuant to 42 U.S.C. § 1983. This Court screened the complaint in August, 2015, and the complaint was dismissed. Presently pending before this Court is plaintiffs' motion for post-judgment relief. The Clerk will be ordered to reopen this action so that plaintiffs' post-judgment motion can be analyzed. For the following reasons, plaintiffs' motion for post-judgment relief will be denied.

## II.   BACKGROUND

This Court screened and dismissed plaintiffs' original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The factual background giving rise to the complaint was stated as follows:

> The complaint names three defendants: (1) Howard Kraft, Esquire; (2) Linda Baxter—Family Court Judge; and (3) the Division of Child Protection and Permanency ("DCPP").
>
> The allegations of the complaint appear to arise from a parental rights determination involving Mr. Smart and his child A.I.S. that took place in New Jersey Family Court. Mr. Kraft was Mr. Smart's attorney during these proceedings. According to Mr. Smart, Mr. Kraft was ineffective during these parental rights proceedings

> which resulted in Mr. Smart being deprived of his parental rights to A.I.S.
>
> Mr. Smart asserts that Judge Baxter and the DCPP permitted the termination of his parental rights and accepted a practice that he could have his parental rights violated without a showing of unfitness. He claims that his due process rights were violated when the defendants broke him up from A.I.S. Mr. Smart also states that there is a biasness against males.
>
> Plaintiffs seek monetary damages as well as a declaratory judgment that there is a biasness against males in terminating parental rights.

(*See* Dkt. No. 12 at p.2)

This Court dismissed A.I.S.'s claims without prejudice as she could not be represented by her *pro se* father as she was a minor child. Furthermore, this Court dismissed Mr. Smart's claims against defendant Kraft. As a private attorney, he was not a state actor so that he was not a proper defendant in a Section 1983 action. Furthermore, Mr. Smart failed to state a Section 1981 claim against Kraft. This Court also dismissed Mr. Smart's claims against Baxter and DCPP. This Court determined that such claims against them for the termination of Mr. Smart's parental rights were barred by the *Rooker-Feldman* doctrine. Accordingly, the amended complaint was dismissed, but Mr. Smart was permitted to submit a proposed second amended complaint on his Section 1981 claims against Kraft as that claim was dismissed without prejudice.

On October 13, 2015, or almost two months after this Court disposed of the amended complaint, Mr. Smart filed a request for an extension of time to submit a proposed second amended complaint. (*See* Dkt. No. 14) This Court denied Mr. Smart's request on October 15, 2016. (*See* Dkt. No. 15) This Court explained that Mr. Smart had made his request out of time and also that his request failed to show any good cause for why he had failed to comply with the

Court's previous thirty-day window or why such an extension of time was necessary in his case. (*See id.*)

In February, 2016, this Court received Mr. Smart's motion for post-judgment relief pursuant to Federal Rule of Civil Procedure 60(b)(6). Mr. Smart argues that this Court failed to exercise its discretion to determine whether or not A.I.S. was entitled to the appointment of counsel. He asserts that the appointment of counsel is warranted here because *Rooker-Feldman* does not block his claims regarding a "hospital hold." Attached to his motion, Mr. Smart includes a notification that A.I.S. was placed in protective custody at Cooper Hospital on May 3, 2012 for a period not to exceed three days. Mr. Smart argues that *Rooker-Feldman* does not block A.I.S. claim regarding the "hospital hold."

### III.  DISCUSSION

With respect to Rule 60(b)(6), a court:

> may relieve a party from a final judgment for any reason that justifies relief. The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show "extraordinary circumstances" to justify reopening a final judgment. *Gonzalez [v. Crosby]*, 545 U.S. [524,] 536 125 S.Ct. 2641 [(2005)]
>
>> [E]xtraordinary circumstances involve[ ] a showing that[,] without relief from the judgment, "an 'extreme' and 'unexpected' hardship will result." This "hardship" requirement may sometimes be satisfied when the judgment "precluded an adjudication on the merits." But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices.

*Michael v. Wetzel*, 570 F. App'x 76, 180 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 1532, 191 L. Ed. 2d 562 (2015), *reh'g denied*, 135 S. Ct. 1918, 191 L. Ed. 2d 781 (2015) (quoting *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008)).

3

The motion for relief from judgment will be denied as the motion fails to show extraordinary circumstances to warrant relief under Rule 60(b)(6). First, this Court noted in its prior Opinion that the amended complaint failed to state a claim upon which relief may be granted. Thus, this Court does not see particular merit to appointing counsel on A.I.S.'s behalf. *See Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 883 (3d Cir. 1991).

The motion for post-judgment relief also seeks to add allegations that were not part of the amended complaint that was dismissed, including circumstances surrounding the "hospital hold." Mr. Smart now argues that the "hospital hold" is not barred by *Rooker-Feldman*.

This Court need not determine whether claims arising from the "hospital hold" are barred by *Rooker-Feldman* since this Rule 60(b)(6) motion is the first time such allegations have been presented to this Court. As the drafter of the amended complaint, Mr. Smart made the strategic choice to not include such allegations in his amended complaint that this Court screened. Strategic choices, however, are insufficient to warrant relief under Rule 60(b)(6). *See, e.g.*, *Michael*, 570 F. App'x at 180 (extraordinary circumstances rarely exists when party seeks relief from judgment that resulted from party's deliberate choices); *Katzenstein v. Dollar Gen. Corp.*, No. 14-6845, 2016 WL 525434, at *3 (D.N.J. Feb. 8, 2016) (Rule 60(b)6) should be used sparingly and may not be employed to rescue litigant from strategic choices that later turn out to be improvident); *Dively v. Seven Springs Farm, Inc.*, No. 10-0126, 2012 WL 5818319, at *4 (W.D. Pa. Nov. 15, 2012) (deliberate choices of inaction do not amount to extreme or unexpected hardship to warrant granting relief under Rule 60(b)(6)). Accordingly, the motion for post-judgment relief will be denied as the motion fails to show that extraordinary circumstances warrant relief.

## IV.     CONCLUSION

For the foregoing reasons, the motion for post-judgment relief is denied. An appropriate order will be entered.


DATED:  September  21, 2016

                                                   s/Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge